SO ORDERED.

SIGNED this 19th day of February, 2014.



_____
UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Henry Parks Casey,** | ) | 12-50074 |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |

### ORDER AND OPINION DENYING CONFIRMATION OF PLAN

THIS MATTER came before the Court on December 4, 2013, after due and proper notice, for a hearing on the Chapter 13 Trustee's Objection to Confirmation of Debtor's Notice and Proposed Plan and upon Bank of America N.A.'s Objection to Confirmation of Debtor's Notice and Proposed Plan. The Debtor appeared at the hearing along with his attorney, Christian Felden.  Kathryn Bringle appeared as the Chapter 13 Trustee.  No one appeared on behalf of Bank of America, N.A.  Having considered the proposed plan, the objections, the evidence offered at the hearing, and other matters of record, the Court finds as follows:

### FACTS

The Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on January 17, 2012. The Debtor is self-employed and has operated a steel business for the

past 25 years. The Debtor is married and lists one dependent, his 22-year-old daughter. The Debtor's daughter is married and lives outside the Debtor's home with her husband. According to the Debtor's B22C form, the Debtor has an above-median income, in the amount of $4,500.00 per month, and disposable income of negative $520.48 per month.

The Debtor's general unsecured claims filed in this case total $3,361,775.29, comprised substantially of a $3,000,000.00 contingent personal injury liability,[1] a $169,774.00 worker's compensation liability, and a $155,000.00 federal tax liability.  The Debtor's only secured debts are two mortgage liens on real properties owned by the Debtor and his non-filing spouse as tenants by the entireties.  The Debtor and his non-filing spouse own real property located at 156 Koontz Avenue, Lexington, North Carolina ("Residence").  The Residence is valued at $170,000.00 and American Home Mortgage Servicing, Inc. holds a secured claim in the amount of $74,564.64 on the Residence.  The Debtor and his non-filing spouse also own real property located at 174 Koontz Avenue, Lexington, North Carolina ("Rental Home").  The Rental Home is valued at $110,000.00 and Nationstar Mortgage, LLC[2] holds a secured claim in the amount of $122,433.62 on the Rental Home.   The Rental Home is adjacent to the Debtor's Residence. The Debtor's daughter and her husband live in the Rental Home as renters.  The Debtor and his non-filing spouse own the Residence and the Rental Home as tenants by the entireties and the Debtor has claimed both the Residence and Rental Home as exempt pursuant to N.C. Gen. Stat. § 1C-1601(f) and the common law of North Carolina. See generally *In re Payne,* 2004 WL 2757907 (Bankr. M.D.N.C. November 15, 2004).  According to Amended Schedule I, the Debtor

---

[1] An Order was entered on February 8, 2013 disallowing the $3,000,000.00 claim. No objection to the claim had been filed. Counsel for the claimant filed a motion requesting the Order disallowing the claim be set aside inasmuch as Counsel believed that no response to the Debtor's Objection to the proof of claim was needed because an agreement had been reached with the Debtor to only pursue available insurance coverage. Additionally, the parties agreed to have a Consent Order entered lifting the automatic stay to allow Ramiro Velez to prosecute a civil action and limit recovery only to available insurance coverage. On March 22, 2013, the Court vacated its prior claim disallowance Order.

[2] The loan was transferred from Bank of America, N.A. to Nationstar Mortgage, LLC.

indicates that the Debtor collects $857.00 per month in rental income from his daughter and son-in-law to reside in the Rental Home.[3]

On August 16, 2013, the Debtor filed a Second Notice and Proposed Plan ("Proposed Plan"), which provides for 60 monthly payments to the Chapter 13 Trustee in the amount of $2,575.00 per month from February 2012 through May 2013 and $3,500.00 per month thereafter.[4] The Debtor proposes to pay priority claims in full and proposes to pay $725.24 per month toward the fully secured, long-term debt claim on his Residence. The Debtor also proposes to retain the Rental Home. The Proposed Plan seeks to "cram down" the creditor's claim on the Rental Home to $75,000.00 and pay $1,425.00 per month towards the claim inside the plan. The Debtor proposes to pay $119.29 per month in escrow fees outside the plan. The Debtor estimates the Proposed Plan will provide a 9% dividend to general unsecured creditors. However, the Chapter 13 Trustee represented in open court that the correct percentage of the distribution to general unsecured creditors would be 4%, or $137,471.00 over the 60 month period. On August 28, 2013, the Chapter 13 Trustee filed an Objection to confirmation pursuant to 11 U.S.C. § 1325 on the basis that the proposed payment on the Rental Home diverts a substantial amount of disposable income away from other creditors in order to maintain, for his daughter and son-in-law, a house that retains no equity and that does not otherwise benefit the bankruptcy estate. Bank of America, N.A. also filed an objection to confirmation on August 29, 2013 pursuant to 11 U.S.C. § 1325 due to the Debtor's cramdown of its claim on the Rental Home.

## DISCUSSION

---

[3] The Court recognizes that the Debtor's son-in-law, Zachary Hines, testified in a May 8, 2013 hearing that he would be able to pay $2,000.00 per month into the Plan toward the Rental Home mortgage. However, the Debtor's amended schedules reflect that the Debtor collects $857.00 in rent.

[4] The Debtor filed the First Notice and Proposed Plan on July 3, 2012. The Court denied confirmation of the First Notice and Proposed Plan on May 17, 2013.

On October 23, 2013, after the parties objected to confirmation and prior to a hearing, the United States Court of Appeals for the Fourth Circuit decided *In re Alvarez*, 733 F.3d 136 (4th Cir. 2013). None of the parties pointed to *In re Alvarez*, however, the Court finds the ruling in *In re Alvarez* controlling in this case.

In *In re Alvarez*, the debtor filed a chapter 13 case and sought to strip off a completely valueless lien on the debtor's primary residence, which he owned with his non-filing spouse as tenants by the entireties. The court found that the "bankruptcy court is without authority to modify a lienholder's rights with respect to a non-debtor's interest in a property held in a tenancy by the entirety." *In re Alvarez*, 735 F.3d at 141. As such, the court held that the debtor could not strip off the lien against their entireties property without both the debtor and the non-filing spouse filing bankruptcy. *Id*. at 142.

Similarly, in this case, the Debtor seeks to modify the creditor's rights with respect to the non-filing spouse's interest in the Rental Home held in tenancy by the entireties by cramming down the lien on the Rental Home. Following the principal articulated in *In re Alvarez* the Debtor's proposed cramdown of the claim on the Rental Home is impermissible. Since, the Court has determined that the Debtor's Proposed Plan is not confirmable due to *In re Alvarez*, the Court refrains from addressing whether the Proposed Plan was filed in good faith.

## CONCLUSION

Based on the foregoing, the Court concludes that confirmation of the Debtor's Proposed Plan must be DENIED. The Debtor has 30 days to propose a new plan.

**END OF DOCUMENT**

# SERVICE LIST

Henry Parks Casey
Debtor

Christian Felden
Attorney for Debtor

Kimberly Sheek
Attorney for Bank of America

Kathryn L. Bringle
Trustee

William Miller
US Bankruptcy Administrator